Lipscomb, J.
TVe propose briefly to discuss, first, the rights of the patentee, derived from a construction of tiie patent itself; and, secondly, under the patent, in connection with the evidence in its support.
TVhat is the legal construct ion of tiie patent? It is an acknowledged rule in construing a grant that all of its parts must be taken together and supported, if it eail be done. If this cannot be done, tiie principal object supposed to have been in the mind of the party, and sought by him to be secured by obtaining the patent, must prevail over, all subordinate or secondary ones. It cannot bo questioned but that tiie particular piece or parcel of laud described was the primary object of the location. The linos and courses were subordinate to that object. It was held by the Supreme Court of the United States, in Chinowctli v. Haskell, (3 Pet. R., 90,) that “agrant must describe ilie land conveyed, and the subject granted must be identified by tiie description in tiie instrument. TVhcn course and distance are tiie only guides, these, though unsafe, must be used.” It is said to be a well-settled principle in Pennsylvania that where the calls of a deed or other instrument are for natural or well-known artificial objects, botii course and distance, when inconsistent with such calls, must give way and be disregarded. (McPherson v. Foster, 4 Wash. C. C. R., 43; see also Welsh v. Phillips, 1 McC. R., 215; McIver v. Walker, 9 C. R., 173.)
This is now believed to be the well-established doctrine. Nor are wo aware that it is opposed or contradicted by tiie decision of ¡my court at tiie present day.
To apply this rule to tiie patent set out in tiie plaintiff’s petition, it will be seen that tiie premises described are not embraced by tiie courses and distances, and if tiie latter arc to govern it will be at tiie sacrifice of tiie premises which were tiie primary object of tiie location. If, however, tiie same starting point, by running south instead of east, would give the same quantity of land of a similar figure, and thereby include the premises-described and called for by tiie patent, it would seem to answer the obvious intention of tiie grant or patent. Are we not authorized to give it that construction? If we were to give, tiie patent such a construction,"it would be sustaining tiie most material part of it, which would otherwise be defeated.
It is not, however, essential to tiie decision of bills case to rest it on tiie construction of tiie grant itself, standing alone, because, when taken in connection with ilie evidence, it is much stronger in favor of tiie grantee. It appears from t he statement of facts that it was proven that the survey made for the appellee was actually made as lie lias alleged in his petition, running south from the starting point, and including the premises described in the patent — the old Choctaw village; that a post was put down at tiie starting point and tiie lines distinctly marked around the land so surveyed; that the initials of the grantee’s name were marked on trees near the corners; that tiie old Choctaw village and Trammel’s trace had sufficient notoriety, and that it was well known that the land claimed in the petition w.as Burleson’s headlight, and that the mistake was made, not in the actual survey,- but by the surveyor in preparing ins field-notes of the survey. Under such circumstances no subsequent locator could lie deceived. Must the mistake of the surveyor, not in making the survey, lint in making up liis field-notes, defeat tiie rights of the locator? TVe are, fortunately for us, not called upon to discuss what kind of proof can be. received of tiie mistake having been made. If the proof would be admissible, either in a court of law or equity, it. is sufficient under our system of jurispru- *257 (fence, and it cannot be controverted that parol testimony of such mistake could be received either at law or in equity.
Note 85.—Hubert v. Bartlett, 9 T., 97; Bolton r.rLann, 1G T., 90; Dnlby v. Booth. 70 T., 500; Swisher v. Grumbles, 18 T,, 1G4: Ande-son r. Stamps, 19 T.,400; Barr v. Milcholh 22 T., 2S5; Mitchell v. Burdett, 22 T.. 603; l/uau i\ lres. .rry, 25 T., 5X2; Booth v. Upshur, 20 T., G-l; Robertson v. Mosson, 26 T., 248; Booth v. Strippleman. 26 T., 436; Stafford v. King, 30 T., 257; Smith v. Russell, 37 T., 247; Galveston v. Tankersley, 30 T., 651.
*257 In tlie State of Tennessee a difference between the grant and tlie actual survey made on tlie location of a warrant lias been often presented to the consideration of the court. Tlie case of Parsons v. Roundtree (1 Hay. R., 3T8) is considered a leading case in tlie courts of 'that State. I'Ve give a brief ab-strart of the facts of that case: “Roundtree entered a tract of land lying, on Siioco creek, running south, then east, then north to the creek, then up the creek to the beginning. In the grant tlie courses were reversed, beginning on tlie creek at a tree, and running north, then oast, &c., placing tlie ¡and on the opposite side of the creek from that on which it was really surveyed, so (hat the grant did not cover any of the land surveyed. Roundtree settled on tito land, which was afterwards entered by Parsons, who got a grant and brought an ejectment.” The case was several times argued, and at last determined by tlie unanimous opinion of the court that tlie mistake of the surveyor or secretary who idled up the grant should not prejudice the defendant, hut that he was well entitled to the land intended to he granted and which had been surveyed. The authority of this ease is believed never to have bren questioned in the State where it was decided, but li'as been in subsequent cases referred to with approbation as a leading case. (See Garner & Dickson v. Norris, 1 Yerg. R.. 62.)
That case goes much further than tlie one under consideration. In that case there was no locative call inconsistent with the courses and distances of the lines, and no repugnancy presented by the patent on its face with tlie survey described therein. In this the premises located are particularly described, both in the patent and in tlie surveyor’s return, and the courses and distances are altogether inconsistent, and entirely leave the premises out of the survey and grant. Yet in the former it was decided, although nota foot of the land located by Roundtree was embraced by the courses and distances in his grant, that, because it had actually been located and surveyed, lie could hold the land, and his title was good, on the ground that the mistake of the surveyor or tlie secretary ought not and could not prejudice tlie title of the patentee. On principle and authority of adjudged cases, we believe that if the facts alleged in the petition are true the title of the appellee is fully sustained in law. Whether they were proven was a question for the jury to respond to, and not for the court. Their verdict is in his favor, and there is nothing in the statement of facts to authorize us to say that they found contrary to the evidence.
i Tlie last assignment of error presents a question that has been decided by this court in tlie case of Hughes v. Prewitt, (5 Tex. R., 264.) There was a commission directed to tlie clerk of the District Court of Travis county to take tlie testimony of James Rowe. This commission purports to be executed by Risk, as deputy clerk of Travis county. In the ease cited above we decided" that Live power given by the commission could not be executed by a substitute; that in performing tlie duties required by the commission the clerk was not discharging a duty appertaining to liis office as clerk, and consequently the deputy, wiio was only authorized to perform official duties, could not execute and return the commission for the principal, the clerk. The reading of the testimony of the witness was objected to expressly on the ground that it iiad been taken and returned by the depnt.y clerk, and tlie objection was overruled by the court and tlie exception properly taken. The materiality of the testimony is very manifest, aud for this error in permitting tlie testimony to be read to the jury the judgment.must be reversed and the canse remanded.
Judgment reversed.
Wheelbb, J.
Having been of counsel, Í did not sit.
Note 86.—Berry v. Wright, 14 T., 270; Smith v. Hughes, 23 T., 248; Hughes v. Sandal, 25 T., 162.