### JAMES CONVERSE ET AL., EXECUTORS, V. H. J. LANGSHAW.
#### No. 7011.

1.   **Limitation of Three Years.**—A junior patent is color of title which adverse possession for three years will mature into the superior title over the older patent.

2.   **Call in Patent for Adjoining Survey.**—When the field notes in a survey call for the corners and lines of surrounding surveys and contain no inconsistent calls, it is not admissible to show by parol evidence that a different survey was in fact made for the purpose of controlling the calls in the grant.   Anderson v. Stamps, 19 Texas, 460.

3.   **Calls in a Survey.**—When a corner is found upon the ground having bearings as called for in the patent, and this is shown to have been actually made by the surveyor at a place different from the adjoining line or corner called for, an inconsistency is disclosed which may be explained by parol evidence.

4.   **Calls for Bearings.**—Although the field notes did not call for corners as made by the surveyor, they noted "bearings marked X with three bars above and two below." Bearing trees marked X with two bars above and three below were found.   *Held*, under such facts it was competent to prove an actual survey upon corners indicated by such bearings, disregarding the calls for other surveys inconsistent with the corners so identified.

5.   **Immaterial Error.**—An error excluding the title of the plaintiff in an action of trespass to try title is immaterial where the defendant established his title to the land in controversy.

6.   **Disclaimer — Judgment.** — In an action of trespass to try title the defendant disclaimed as to part of the land sued for.   The evidence of title offered by the plaintiff was excluded.   *Held*, in such case judgment should have been rendered upon the disclaimer for the plaintiff for the land not within the boundaries of the land claimed by the defendant.

7.   **Insufficient Description of Land.**—The defendant claimed title to part of a tract of land sued for and recovered judgment.   *Held*, that on appeal the plaintiff could not complain of the form of the judgment.

8.   **Practice in Disputed Boundary Lines.**—In suits growing out of conflicting boundary lines the pleadings should clearly describe the lands claimed.

9.   **Practice in Supreme Court—Costs.**—Where errors appear in the judgment appealed from which evidently arose from oversight, and when a suggestion in the court below would have corrected the judgment entry, on appeal correcting such errors the court imposed costs upon the appellant.

APPEAL from Kimble.   Tried below before Hon. Rudolph Runge, Special District Judge.

The opinion states the case.

*Barnard & Green,* for appellants.—1. The defendant is bound by the field notes of his patent, which only call to begin at the southeast corner of the Harvey Martin survey, and to run course and distance around the survey without a single bearing or line tree or other artificial object being called for, and the court could not establish a corner for the defendant that was not called for in the field notes. Schaeffer v. Berry, 62 Texas, 714; Anderson v. Stamps, 19 Texas, 460.

2. When the field notes of the grant only call for course and distance the defendant had no right to prove artificial objects not called for, and to vary quantity, configuration, course, and distance for the purpose of establishing a survey not shown in the patent.

3. The court erred in his second conclusion of law in finding that "the corners established by the county surveyor, Denman, as follows, 'A stone mound from which a cedar bears south 61 west 6⅔ varas, also a cedar fallen bears south 50 west 9 varas, both marked X, with three bars above and two below, February 9, 1878,' is the true northeast corner of survey No. 1, patented to defendant May, 1881."

(1) Because the finding is a finding of facts outside of, inconsistent with, and variant from the patent under which the defendant claims, there being no such bearing in defendant's patent, especially when the bearings in the patent are X with three bars above and two below and not X with two bars above and three below, as found upon the trees by the surveyors Davis and Vickrey at the said pretended corner.

(2) The court failed to find that the defendant's land commenced at the southeast corner of the Harvey Martin survey, as called for in the patent.

(3) The defendant had no paper title authorizing the establishment of such corner.

(4) No patent ever issued to the defendant upon such corner.

(5) The defendant did not establish his (pretended) actual survey by metes and bounds.

(6) And because if there ever was any such pretended survey the surveyor never returned the field notes of the same to the General Land Office for patent.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellants as executors of the will of T. W. Pierce, deceased, to recover of appellee a section of land known as survey No. 3 of a block of surveys patented by virtue of certificates granted to the Galveston, Harrisburg & San Antonio Railway Company. The defendant denied that he was in possession of any part of the land claimed by the plaintiffs, but answered further that if he was in possession of any part of survey No. 3 such part was only so much

thereof as was embraced within the boundaries of a survey in the name of the Texas Western Narrow Guage Railway Company, to which he held a patent from the State of Texas. To the land within the boundaries of his grant he set up title by virtue of his patent and of the statute of limitations of three years and of five years. He prayed that he be quieted in his title.

The plaintiffs introduced in evidence a patent to the Galveston, Harrisburg & San Antonio Railway Company to survey No. 3, and a copy of the will of T. W. Pierce, deceased, in which they were nominated as executors. They also offered what purported to be a deed from the railway company to Pierce to section 3, which was signed by H. B. Andrews, its land commissioner, and also another instrument which purported to confirm the former and which was signed by the vice-president under the seal of the corporation. These instruments were excluded by the court.

The defendant introduced a patent to himself as assignee of the Texas Western Narrow Gauge Railway Company to the land claimed by him. The granted premises were described in the patent as follows: "Beginning at the southeast corner of survey in the name of the heirs of Harvey Martin; thence south 1900 varas to the southwest corner of survey No. 18, in the name of the Galveston, Harrisburg & San Antonio Railway Company, stone mound for southeast corner of this survey; thence west 950 varas to east line of survey No. 668, in the name of the Buffalo Bayou, Brazos & Colorado Railway Company, a stake for southwest corner of this survey set in said line; thence north 1900 varas to south boundary line of Harvey Martin survey, and northeast corner of H. J. Langshaw pre-emption; thence east 950 varas to the beginning; bearings marked X, with three bars above and two below." The southeast corner of the Martin, the northwest corner of No. 18, and the southwest corner of No. 3 are the same, though the latter is not called for in defendant's field notes. The survey No. 3 claimed by the plaintiffs is the older title. There was testimony by surveyors which showed that there was a conflict between the land covered by survey No. 3 and that embraced in the lines of the defendant's grant as those lines were claimed by him to exist upon the ground. It appeared that none of the lines of the Galveston, Harrisburg & San Antonio Railway Company surveys had ever actually been run or the corners established when its patents were issued. The locality of No. 3 had to be fixed by surveying from known corners of other surveys many miles distant. The defendant testified that he made the location of his certificate and was present when the county surveyor surveyed it for the purpose of enabling him to procure a patent; that the surveyor fixed the northeast corner at a pile of rocks with two bearing trees, and that the trees, which were two cedars, were there at the time of the trial. He also testified that at that time there were two marked lines from that corner, one run-

ning south and the other west. A surveyor who testified found the corner and saw the bearing trees and marked lines. The bearing trees were marked X, with two bars above and three below. The land actually in controversy in this suit lies in the northeast corner of the survey and within the lines so found. The defendant occupied the land in dispute and has continued to occupy and use it from that time up to the institution of this suit, a period of about eight years. He paid the taxes every year from the time of his occupancy.

The court (there being no jury) found that the defendant's patent embraced the land claimed by him and that he was entitled to hold it by virtue of the statute of limitations. If "the pile of rocks" identified by the bearing trees marked X, with two bars above and three below, be the northwest corner of the survey called for in defendant's patent, he holds by color of title from the sovereignty of the soil and his possession gave him a perfect title by virtue of the statute of three years. In determining the question of the correctness of the court's finding that that corner of the survey as actually run should be deemed the corner called for in defendant's patent, we have had some difficulty. At an early day it was held by this court in Urquhart v. Burleson, 6 Texas, 502, that the calls in the patent in that case as applied to the land disclosed a conflict between them, and that those which corresponded with the survey as actually made should govern. The doctrine has been affirmed in numerous decisions since that time. But in Anderson v. Stamps, 19 Texas, 460, it was decided that when the field notes in a survey call for the corners and lines of surrounding surveys and contain no inconsistent calls it was not admissible to show by parol evidence that a different survey was in fact made, for the purpose of controlling the calls in the grant. These two cases when considered together very clearly define the limits of the doctrine, and the principles announced in the opinions therein delivered are in accordance with the well established rules in reference to the admissibility of parol evidence to explain written contracts. But when we attempt to apply these rules to the facts of the present case we find a difficulty which arises from the meager description in the defendant's patent. If the northeast corner of his land had been described by the bearing trees, which were undoubtedly marked for its identification at the time the survey was made, it is clear that the survey as actually made should govern, and the call for the southeast corner of the Martin, which is also the southwest corner of No. 3, should have been rejected. On the other hand, if no bearing trees had been called for at all there would be no conflict in the calls of the patent and the defendant would be bound by them. But although no bearing trees are named, the words which close the field notes, "bearings marked X, with three bars above and two below," show that the surveyor did mark one or more of the corners by bearing trees, and marked them for the purpose of identification. The lines of the Gal-

veston, Harrisburg & San Antonio Railway surveys were not run, and up to the time of defendant's survey their corners had never been established or marked. The Martin calls to begin at the southwest corner of No. 3, and neither were its lines actually surveyed nor its corners established on the ground. Therefore the corners of none of these surveys were ever marked by bearing trees. When, therefore, a corner is found upon the ground having bearings as called for in the defendant's patent, and this is shown to be the northeast corner of the land as actually surveyed, an inconsistency is disclosed which may be explained by parol evidence. The testimony in this case showed clearly that the calls for the corners of the Martin and of the railway survey were the result of a mistake, and the actual survey should govern. The field notes in the patent describe the bearings as marked X, with three bars above and two below, and the cedars found upon the ground were marked X, with two bars above and three below. We deem this difference too trivial to require serious consideration.

The defendant having shown affirmatively that he had acquired title to the land claimed by him in his answer, it is unnecessary to inquire whether or not the court erred in excluding the deeds offered by the plaintiffs. They could not have recovered even if they had succeeded in proving that their testator had acquired the title of the railway company to survey No. 3.

But while we think there was no material error in the rulings of the court or in its findings of fact, we are of the opinion that the judgment as entered is erroneous. It is clear from the defendant's answer that he disclaimed as to all the land sued for by plaintiffs except so much as might possibly be included in the tract conveyed by his patent. The judgment is that the plaintiffs take nothing by reason of their suit. They should have recovered except as to so much of the tract claimed by them as is embraced in the defendant's survey. Besides, the entry upon its face shows a judgment against the plaintiffs as individuals.

It should have been a judgment for them as executors for the land to which the defendant had disclaimed, and against them in the same capacity for the land recovered by him.

It is also complained that the judgment for defendant for the land described in his answer is erroneous, because the description in the judgment is the same as that in the defendant's patent, and therefore the judgment leaves the question growing out of the conflicting calls undetermined. The judgment, after setting out the field notes, recites that it is the land as originally surveyed by the county surveyor, but does not give an unequivocal description of it. Since this could be ascertained only by resort to evidence outside of the record, the recital can hardly be held sufficient to aid the judgment. This is but another instance in which suit is brought to settle a question of boundary growing out of conflicting calls in a grant in which the party claiming under

such conveyance gives in his pleading precisely the same description which is found in the grant, without alleging which are the true calls and without describing the land claimed by reference to such natural or artificial objects as will clearly identify it upon the ground. It is difficult to see that a judgment following the original description decides anything in such a case. The practice has been disapproved in this court, and it has been held that the party should give a perfect description of his land and not the ambiguous description contained in his conveyance. Roche v. Lovell, 74 Texas, 191. In Urquhart v. Burleson, cited above, a convenient and correct form of pleading for such cases was adopted by the plaintiff. But returning to the present case; if there be error in this particular, can the plaintiffs who were cast in the suit justly complain? Ought they to be allowed to reverse the judgment upon the ground that it determines nothing, when the controversy if properly determined would have been conclusive against them?

But we are of opinion that the judgment ought to be reformed throughout so as to conform to the findings of the court; and that it is proper in this case to amend it so as to make it conclusive upon the questions at issue upon the trial of the cause. If the defendant, instead of setting up title to a part of the land sued for, had pleaded the defenses to the action for the whole, the plaintiffs, upon showing title in themselves to the railway company section No. 3, would have been entitled under the facts of the case to recover all of that section except so much thereof as is embraced in the limits of the actual survey made for the defendant upon his location; and it would have been proper to have described the land so excluded from the recovery by fixing its northeast corner at the pile of rocks identified by the two cedars, which was shown by the evidence to be the northeast corner of the survey actually made for defendant. No reason is seen why a similar judgment could not have been entered in this case.

We are of the opinion that the judgment should be reformed so as to adjudge that plaintiffs as executors recover of defendant all of survey No. 3 except that part which is embraced within the lines of defendant's survey, taking the pile of rocks as its northeast corner; that as to such part of survey No. 3 the plaintiffs take nothing, and that the defendant recover his costs; and as so reformed we think the judgment should be affirmed. The errors in the judgment were probably the result of inadvertence, and would most likely have been corrected if a motion for that purpose had been made below. We think, therefore, the appellants should pay the costs of the appeal; and it is so ordered.

*Reversed and rendered.*

Delivered June 5, 1891.