## N. J. Ayers v. C. M. Beaty.

### No. 313.

**Boundary Lines — Beginning Corner — Charge of Court.**—In trespass to try title, the question at issue was as to the true locality of defendant's older survey, whose beginning corner was at a wild china tree, with its other lines and corners unmarked. The evidence showed such a tree on the land in controversy, but was conflicting as to its identity with the one called for in the older field notes. *Held*, that the beginning corner was controlling, and the issue simply as to where it was in fact located; and that the court erred in submitting in its charge the general rules respecting calls.

Appeal from Foard. Tried below before Hon. G. A. Brown.

*L. M. Logan*, for appellant.— 1. The court's charge was error, because it was, in effect, an instruction to the jury that the china tree corner was of no value in determining the location of the Lewis survey, on account of the absence of other " known, recognized, and identified original corners established upon the ground around the survey."

2. The court erred in that subdivision of his charge wherein he states the general rule applicable to confusion of the boundary lines of surveys. The evidence in this cause does not raise the issue of confused boundaries, but only the issue of the locus in quo of section 288, claimed by plaintiff, and of the Lewis survey, claimed by defendant.

No brief for appellee reached the Reporter.

STEPHENS, Associate Justice.—This controversy turns upon the true beginning corner of a 1280 acres survey patented to the heirs of Mark B. Lewis in 1878, then situated in Hardeman County, which was also the northeast corner of a 240 acres survey granted to the same heirs. Everything depended, so far as appellant's defense was concerned, upon the identity of a certain wild china tree called for at this corner. There were no marked lines, and stakes only were called for at the other corners, which had never been put up. The manner in which the survey had been made on the ground was testified to by the surveyors who located the certificate.

In this state of case the following charge was misleading: " If after considering the above general rules, there is still uncertainty and confusion as to the true lines, then that rule should be adopted which is most consistent with the intention apparent from the field notes made by the locating surveyors, as ascertainable from all the surrounding circumstances; but a beginning corner is of no higher dignity or importance than any other corner of the survey. If, however, there are known, recognized, and identified original corners established upon the ground

around a survey, they will control the other calls which may be conflicting and contradicting."

Under the proof in this case, the beginning corner was undoubtedly controlling, and the general principle announced in the charge, be it ever so correct in a proper case, was inapplicable and materially erroneous. The contention of appellant in the court below was, that the china tree found near the mouth of Mule Creek, a tributary of Pease River, was the point at and from which his location had been actually made on the ground, and that there was error in calling for the bearings from the china tree of the hackberry grove and the willow tree, which were found on the ground, but not where the course and distance called for placed them.

The true issue made by the evidence, and which should have been submitted to the jury, was, Where did the surveyor in fact locate the certificate upon which the patent issued to the heirs of Mark B. Lewis? If upon the land claimed by appellee under an inferior location, the latter was not entitled to recover. There was no occasion to resort to the rules respecting calls, the proof, if believed by the jury, showing the true location. It may also be doubted whether the allegations of appellee's petition were sufficiently descriptive of the land in dispute to support a definitive judgment in a boundary suit. Converse v. Langshaw, 81 Texas, 280, and authorities.

Because the charge complained of misdirected the jury as to the law applicable to this case, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered December 20, 1893.