### BUHLER v. E. T. BURROWES CO.
(No. 5330.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1914. Rehearing Denied Dec. 23, 1914.)

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—RIGHT TO SUE—NONCOMPLIANCE WITH STATUTE.

A foreign corporation which contracted to sell and install in a building in this state screen doors and window screens and performed the contract, its agent doing the carpenter work necessary to fit and install them, was transacting

business in the state, whether the screens were shipped to the purchaser or to the agent, and hence, where it had not obtained a permit to transact business in the state, it could not sue for the purchase price of the screens.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

2. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS — RIGHT TO SUE — NONCOMPLIANCE WITH STATUTE—"DOING BUSINESS."

A single transaction is sufficient to constitute the transaction of business in this state by a foreign corporation not having a permit to transact business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

Appeal from Bexar County Court for Civil Cases; J. H. Clark, Judge.

Action by the E. T. Burrowes Company against C. Buhler. From a judgment for plaintiff, defendant appeals. Reversed, and cause dismissed.

Searcy & Browne, of San Antonio, for appellant. Schlesinger & Schlesinger and Chas. E. Lee, all of San Antonio, for appellee.

MOURSUND, J. [1] The E. T. Burrowes Company, a foreign corporation, sued C. W. Buhler and A. J. Herrman in justice's court upon a written contract, reading as follows:

San Antonio, Texas, 11/18, 1911.
Order for
Indexed Dec. 1, 1911.
Burrowes Wire Screens.
To the E. T. Burrowes Co., Portland, Maine, U. S. A. A. J. Herrmann, Archt.
By C. W. Buhler.
To be sent about Feby. 1st.
To be paid for by May 1st, 1912.
When screens are received by purchaser they are ready to be fitted to windows and doors. All moldings, pieces and hardware, as per catalogue, are finished without extra charge.
Price as below.
All windows and doors on 1st and 2nd floors, except screened porch 2nd floor.
C. B. 14.
Our best work and finish deld. and installed for $195.30.            A. J. Herrmann, Archt.
Accepted:
Salesman: L. H. McDaniels.

An appeal being taken by plaintiff to the county court for civil cases the case was tried in such court without a jury, and plaintiff adjudged to recover from Buhler the amount sued for, but that it take nothing as against Herrmann. Buhler filed a written denial of plaintiff's right to sue, the ground being that plaintiff was a foreign corporation transacting business in this state without a permit to do so and without filing a copy of its articles of incorporation with the secretary of state.

The only question for our decision is whether the court erred in holding that plaintiff could maintain the suit. The evidence upon this issue, in addition to the contract above set out, is as follows: L. H. McDaniels, who resided in San Antonio, was the agent for plaintiff at the time he accepted the written

contract, and had been such agent in 1910, 1911, and 1912. The screens were sent, and he installed them. He did not recall whether he hired any one to assist him. He always ordered the window screens to fit exactly, so that all there was to do was to attach the fixtures to the house and hang the screens, but he always ordered the doors too large, so that he could cut them down and make them fit the opening. He sometimes hired a carpenter to cut them down and sometimes did the work himself. He had a little carpenter shop out at his house where he did this kind of work. The business of the plaintiff is the manufacturing of screens in Maine, and those installed by McDaniel were there made according to the measurements taken by him in San Antonio. Herrmann, the architect who ordered the screens for Buhler, testified that the screens were installed by McDaniels, or some one for him; that he had often ordered Burrowes screens and Mr. McDaniels or some one else always put them up; that it was sometimes necessary to do work on the screens to make them fit perfectly. It was agreed that the E. T. Burrowes Company is a foreign corporation, incorporated under the laws of Maine, and that it has not filed with the secretary of state of the state of Texas a duly certified copy of its articles of incorporation and obtained a permit to transact business in Texas.

Appellant contends that appellee could not maintain this suit in our courts, and the question arises whether the facts show that the transaction out of which this suit arises constituted the transaction of business in this state or whether it constituted interstate commerce. It is clear that the transaction constituted interstate commerce, unless the fact that the screens were to be installed alters the case. Appellant relies upon the case of Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157, but in that case the contract was to build three gas producers in this state and there was no pretension that they were sold in a foreign state, and the evidence showed that in building the same material was used which had been bought in this state and therefore in part, at least, the foreign corporation was seeking to recover for material, the sale of which was not protected by the commerce clause of the federal Constitution. The Supreme Court declined to express an opinion whether contracts for the sale of machinery in another state to be installed in this state by the seller are protected by the said commerce clause. In the case of De Witt v. Berger Mfg. Co., 81 S. W. 334, the Court of Civil Appeals for the Third District held that a foreign corporation, without complying with our statute, could sue to recover the price of certain metal ceiling and side walls shipped from Ohio, and the cost of putting same up in this state. The facts are not fully stated, nor did

the Supreme Court pass upon the case, the application for writ of error having been dismissed for want of jurisdiction. We find cases from other states which hold that sales of articles to be installed in such states are nevertheless protected by said commerce clause of the Constitution. See Flint & Walling Mfg. Co. v. McDonald, 21 S. D. 526, 114 N. W. 684, 14 L. R. A. 673, 130 Am. St. Rep. 735; Milan Mill. Co. v. Gorten, 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135.

We have found a recent decision by the United States Supreme Court which, we think, should govern us in deciding this case. It is the case of Browning v. City of Waycross, decided April 6, 1914, and reported in 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828. In that case it is held that an agent for a foreign corporation, who solicited orders for the sale of lightning rods in another state, received the rods, and erected them for such corporation, the price paid for the rods to the corporation including the duty to erect them without further charge, may be subjected to a municipal tax without violating the commerce clause of the federal Constitution. The case now being considered by us is very similar to the case just mentioned. In this case the appellee contracted to sell and install screens for a certain price, and fulfilled that contract, its agent who solicited and received the order doing the carpenter work necessary to fit and install the screens. The evidence does not show to whom the screens were sent, but the contract provided that "when the screens are received by the purchaser they are ready to be fitted to windows and doors." It is, however, not material whether they were sent to the purchaser or the agent. The fact remains that the foreign corporation bound itself to put up screens in this state, and did put them up.

[2] The evidence further shows that this was its regular way of doing business. However, this is not material, as one transaction is sufficient to constitute the transaction of business in this state. Smythe v. Ft. Worth Glass & Sand Co., supra. If a foreign corporation can, without complying with our statutes, engage in the business of putting up screens in Texas, a business which any carpenter can perform, it can also sell all the material for a house, ship it in from another state, and contract to put it up in this state, keeping a force of carpenters and mechanics for that purpose. Nor can it be contended that the installation of screens is such a delicate and complex task that the business cannot be carried on unless the seller furnishes experts to do the work of putting them in place, so this case does not fall within the class of cases upon which the Supreme Court of the United States declined to express an opinion in the Browning v. City of Waycross Case. We conclude that the

court erred in holding that appellee could maintain the suit.

The judgment is reversed, and the cause dismissed.