BRYAN v. S. F. BOWSER & CO. (No. 8084.)

(Court of Civil Appeals of Texas. Dallas. Feb. 8, 1919.)

CORPORATIONS ☜642(1)—FOREIGN CORPORATION—"TRANSACTING BUSINESS" IN STATE.

Sale and installation of gasoline container and pump by a foreign corporation *held* a transaction of business within the state by it within Vernon's Sayles' Ann. Civ. St. 1914, arts. 1314–1321.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transacting Business.]

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by S. F. Bowser & Co., a corporation, against E. P. Bryan. From judgment for plaintiff, defendant appeals. Reversed, and cause dismissed.

E. P. Bryan and Claude M. McCallum, both of Dallas, for appellant.

Burgess, Burgess, Christman & Brundidge, of Dallas, for appellee.

TALBOT, J. This suit originated in justice court of precinct No. 1 in and for Dallas county, Tex., and appellee recovered judgment in that court. Appellant duly perfected his appeal from this judgment to the county court of Dallas county at law, Dallas county, Tex.

The suit was brought by appellee against appellant to recover the sum of $176, balance alleged to be due upon a written contract dated Dallas, Tex., March 15, 1915, for the sale and installation of a gasoline tank, pump, and accessories, for interest and attorney's fees, and for a foreclosure of a chattel mortgage. The written contract upon which the suit was based was attached to and made a part of appellee's petition. Appellee, among other things not necessary to be stated for the purposes of this appeal, alleged that its domicile and principal place of business was at Ft. Wayne, in the state of Indiana, and that it was engaged in interstate commerce trading, and that the sale of the said pump covered by the said contract, copy of which is marked Exhibit A, was an interstate commerce transaction, that the plaintiff was not at the time of the making of this contract, nor at any time since February, 1914, engaged in business in the state of Texas, that it has no stock of goods or salesroom in the state of Texas, and that the goods covered by contract herein sued upon were not in the state of Texas at the time said contract was made, but that the said contract was accepted in the state of Indiana and the goods thereafter shipped to the defendant. The appellant, so far as need be

stated, pleaded a general denial, and specially that appellee is a foreign corporation and is maintaining an office in Texas, that it has agents in Texas, and that the said order for the pump, tank, and other articles mentioned in appellee's petition was solicited by plaintiff's agent in Texas, and that said pump, tank, etc., were to be installed complete by appellee at Dallas, Tex., and that all the labor and a great deal of the material required for the installation were obtained in Texas, and that under said agreement plaintiff was to install same ready for use at Dallas, Tex. And defendant says that plaintiff was not and at the time of making said contract, and at the time of installation of said machinery, did not have its articles of incorporation on file with the secretary of state, and did not have a permit to do business in the state of Texas.

The case was tried before the court without a jury, and judgment again rendered in favor of appellee, and the appellant perfected an appeal to this court.

There is but one assignment of error, and the sole question to be decided is whether or not the facts and circumstances in evidence, which are practically uncontroverted, show that the appellee transacted business in this state within the meaning and purpose of the provisions of chapter 26, vol. 1, Vernon's Sayles' Texas Civil Statutes, relating to foreign corporations. These provisions of the statute, among other things, provide that any corporation for pecuniary profit, except as therein provided, organized under the laws of any other state, desiring to transact business in this state, or solicit business in this state, or establish a general or special office in this state, shall file with the secretary of state a duly certified copy of its articles of incorporation, and thereupon the secretary of state shall issue to such corporation a permit to transact business in this state; that no such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation, under the provisions of said chapter, in the office of the secretary of state for the purpose of procuring its permit. The facts show that the appellee's cause of action is founded upon a contract with appellant made on the 15th day of March, 1915, and that appellee at that time was, and since has been, a foreign corporation with its domicile and principal place of business at Ft. Wayne, in the state of Indiana, without a permit to transact business in the state of Texas. The contract was entered into between appellant and J. C. White, soliciting sales agent of appellee, at Dallas, Tex., but was not binding until forwarded to

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and accepted by appellee, S. F. Bowser & Co. at their office in Ft. Wayne, Ind. After its execution it was so forwarded and accepted. By the terms of the contract appellee agreed to prepare according to instructions, ship, deliver, and install at Dallas, Tex., one gasoline tank, fully described, "complete with meter, filter, 10-foot suction hose, two-way nozzle, portable nozzle, and fill box," in consideration of which appellant agreed to pay appellee the lump sum of $219, as follows: Cash with order $27 and balance, of $192 payable as evidenced by promissory note, with interest—the contract providing that the note mentioned was "given as evidence of said indebtedness, and not in payment thereof." There are other provisions of the contract which need not be stated in this opinion. B. L. Prince testified that he was district manager for appellee, located at No. 1911 Commerce street, Dallas, Tex.; that everything connected with the pump and tank installation at appellant's place of business in Dallas, Tex., involving the system in question here was shipped to Dallas complete from appellee's factory at Ft. Wayne, Ind., except the ordinary galvanized pipe which makes the connection between the tank and the pump. He further said: ,

"As to this job in question we took the contract to do the installation. Occasionally we make contracts wherein the purchaser is to do the installing of the system ———. In the type of outfit that Mr. Bryan [appellant] has in a majority of cases S. F. Bowser & Co. [appellee] does the installing work. Probably 90 or 95 per cent. of the installation of this kind is done by us. The people who performed the labor of putting in this system for Mr. Bryan [appellant] live in Dallas. They were hired and paid to do this work by S. F. Bowser & Co."

Appellant, Bryan, among other things, testified:

"S. F. Bowser & Co. installed the pump in question, it being a gasoline pump, with a tank attached to hold gasoline; the tank being 285-gallon capacity. I run and am the proprietor of the Southland Garage, at 1109–11 Commerce street, Dallas, Tex. In putting in this pump and tank in question they had to take up the sidewalk in front of my place of business and to excavate under the sidewalk a pit about six feet deep, six feet long, and five feet wide, and the gasoline tank was placed in that excavation. It was the understanding and agreement that in making and replacing this excavation that they were to put in concrete. The tank was installed on the inner side of the sidewalk, towards the building, and the pump was .put in the building inside the house. The distance between the pump and the tank is about twelve feet, connected with each other by a large pipe. They had to excavate deep enough to put the pipe about three feet under the ground from the surface, the pipe connecting the tank and the pump, but they had to dig down six or seven feet deep to make a hole big enough to contain the tank. The fill pipe extends up from the tank above ground so that wagons bringing gasoline there can unload from the wagon into the tank into this fill pipe. They put this fill pipe in. The lower pipe connects with the pump. On the left side here one is a vent pipe, and this one on the extreme left goes from the sidewalk down into the tank. Now, these pipes here didn't come with the pump at all, but these pipes were bought here. The man supervising the installation of this pump and tank for the plaintiff, whose name is Brown, bought these pipes from a local Dallas firm, Briggs-Weaver Machinery Company, but Mr. Brown had a helper who did the manual labor in this work. I did not pay for any of the labor for installing this machinery, because plaintiff was having the work done for me. After the job was completed they were to fix the cement sidewalk back like it was, and they did send a man to do that, which was done and paid for by the plaintiff. I think they had a cement man to do that."

We are of the opinion, that the facts disclose the transaction out of which appellee's alleged cause of action arose to be one of transacting business in this state in violation of the provision of the statute referred to, and is not one the execution and performance of which constitutes interstate commerce. The execution of the contract in question was not merely a purchase and sale of the gasoline tank and pump, but involved the furnishing thereof, together with other necessary equipment, by the appellee, and complete installation for appellant's use. For the machinery and its installation appellant contracted to pay the gross sum of $219. The shipment and delivery of the machinery agreed to be furnished by appellee alone would not have been a full performance of the contract entitling appellee to its enforcement. The contractual obligation can be treated in procedure only as an entirety, and nothing less than the delivery of the machinery and its installation according to the terms of the contract would have constituted such performance and matured the right of appellee to recover the amount agreed to be paid therefor by appellant. The facts show that appellee delivered the machinery and installed it, but the installation thereof required the expenditure of considerable time and labor and purchase of material in this state. Indeed, all the labor employed in the installation of the machinery was secured by appellee in this state, and certain material necessary therefor was purchased in this state. The performance of the contract was necessarily to be had in Texas. The employment of state labor and the purchasing of a portion of the material in this state for the installation of the machinery furnished appellant was in line with appellee's business and for pecuniary profit. The price agreed upon was not for the machinery alone or any part of the machinery, but was for the installation of the gasoline tank and pump, including all material and labor, and "was in

competition with citizens of this state transacting similar business."

Our conclusion is that the performance of the contract sued upon necessarily required the transaction of business in this state, and, as appellee had no permit to transact business here, the trial court erred in holding that it could maintain this suit. This conclusion is warranted and sustained by the following cases decided upon similar facts: Smythe Co. v. Ft. Worth Glass & Sand Co. et al., 105 Tex. 8, 142 S. W. 1157; Buhler v. E. T. Burrowes Co., 171 S. W. 791; York Mfg. Co. v. Colley, 172 S. W. 206; St. Louis Expanded Metal Fireproofing Co. v. Bielharz, 88 S. W. 512. The case seems to have been fully developed, and it becomes our duty under the statute to render the judgment that should have been rendered in the county court.

It is therefore ordered that the judgment of the county court be reversed, and the cause dismissed.

Reversed and dismissed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes