## NATIONAL CASH REGISTER CO. v. ONDRUSEK. (No. 3040.)

(Court of Civil Appeals of Texas. Texarkana. April 2, 1925.)

**1. Commerce ⬦40(2)—Sale of cash register by foreign corporation through established local agency not interstate transaction dispensing with permit to do business.**

Foreign corporation, selling cash register not kept in stock by local agency, but ordered and delivered through it, could not enforce collection of purchase price in absence of showing of permit to do business in state, sale not being an interstate transaction.

**2. Corporations ⬦675 — Judgment on merits should not have been rendered against foreign corporation in action for sale price, on its failure to show permit to do business in state.**

In action by foreign corporation for sale price of cash register, judgment on merits against its action, as well as affirmative judgment on cross-complaint for installment paid by defendant, should not have been rendered on failure to show permit to do business in state, but suit should have been dismissed.

Appeal from Dallas County Court; W. M. Coombs, Judge.

Suit by the National Cash Register Company against Josef Ondrusek. Judgment on merits for defendant, and plaintiff appeals. Judgment on merits set aside, and suit dismissed without prejudice.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Cecil L. Simpson, of Dallas, for appellee.

HODGES, J. The appellant, a foreign corporation, filed this suit in the county court at law No. 1 of Dallas county to collect the balance due on the purchase price of a cash register sold to the appellee. It was alleged by the appellant in its original petition that it had a permit to do business in Texas. The appellee answered, pleading, among other things, fraud and misrepresentation concerning the quality of the machine purchased, and asked for a recovery of $15 formerly paid on the purchase price. At the conclusion of the testimony the appellee moved, for an instructed verdict, upon the ground that the appellant had failed to prove that it had a permit to do business in this state. The motion was granted, and a judgment upon the merits was entered in favor of the appellee, both upon the plaintiff's demand and on the plea in reconvention.

The two main contentions presented in this appeal are: (1) That the sale of the cash register to the appellee was an interstate transaction, and no permit to do business in Texas was required; and (2) that if it were otherwise, the judgment rendered should have been one of dismissal, and not one upon the merits of the controversy.

[1] The evidence shows, without apparent contradiction, that the appellant had an established agency in the city of Dallas, which solicited orders, made sales, delivered machines, and collected the purchase price. This agency had been there for a number of years, and employed several people. In this particular transaction the appellee had applied to this agency for a type of machine which was not in the stock at Dallas. A written order was given and sent to the office of the company, out of the state. The machine, however, was shipped to the agency, and by it delivered to the appellee. He paid to the agency the $15 in cash as a part of the purchase price.

Counsel for appellant refer to the case of Shaw v. Dalton Adding Machine (Tex. Civ. App.) 211 S. W. 833, as decisive of this case. The facts of that case, however, differ materially from those here involved. There the local representative of the foreign corporation had authority only to solicit and transmit orders to the office of its principal beyond the limits of the state, the latter having the right to accept or reject the order. The goods shipped in response to orders accepted were sent direct to the purchaser. In the present case the local agency transacted all the business with its patrons.

[2] We are of the opinion, however, that no judgment upon the merits should have been rendered against the appellant upon its suit for the purchase price of the machine,

but the suit should have been dismissed. Smythe v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157. That proposition is conceded by counsel for appellee, who also expresses a willingness to have the entire judgment reformed and a judgment of dismissal here rendered. It is accordingly ordered that the judgment disposing of the action and the cross-action on the merits be set aside and the suit dismissed, without prejudice to either party.

The costs of this appeal will be taxed against the appellee.