## FIRST STATE BANK OF BANGS v. JANELLEN OIL CO.   (No. 6861.)

(Court of Civil Appeals of Texas. Austin. June 10, 1925.)

Corporations ⬬661(6) — Foreign corporation must plead and prove permit to do business within state in order to maintain suit.

A foreign corporation must take out a permit to do business within the state, and, in order to maintain an action within the state, must plead and prove that it has such a permit.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by the Janellen Oil Company against the First State Bank of Bangs, Tex. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

R. L. McGaugh and Wilkinson & Wilkinson, all of Brownwood, for appellant.

BLAIR, J.  Appellee, Janellen Oil Company, sued the First State Bank of Bangs, Tex., for gas supplied it, and recovered judgment for $536, with legal interest, from which this appeal is perfected.

Appellee's petition alleged:

"That plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Delaware, with a permit to do business in the state of Texas. * * *"

The proof fails to establish these allegations, and the appeal is predicated upon that error.   "It is well settled by the decisions of our courts that a foreign corporation must take out a permit in order to transact business in this state or to maintain a suit in our courts and that the petition must allege and the proof must show that such corporation has such permit before it can maintain

a suit in court—there being two exceptions to this requirement, viz., that such corporation is engaged in interstate commerce, or that it is in the employment of and transacting government business." Maxwell v. Winner Gas Stove Co. (Tex. Civ. App.) ,263 S. W. 944; Taber v. Interstate B. & L. Ass'n, 91 Tex. 94, 40 S. W. 954; Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969; Miller & Co. v. Goodman, 91 Tex. 43, 40 S. W. 718; Horn Silver Mining Co. v. New York, 143 U. S. 314, 12 S. Ct. 403, 36 L. Ed. 164; Rexall Drug Co. v. Butler Bros. (Tex. Civ. App.) 185 S. W. 989; Levinson v. Montrose Oil Co. (Tex. Civ. App.) 240 S. W 1047; North Amr. Service Co. v. A. T. Vick Co. (Tex. Civ. App.) 243 S. W. 549; Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882; and Stadtler v. Southern Surety Co. (Tex. Civ. App.) 253 S. W. 681.

Appellee's counsel orally confessed error in this particular.,

The cause is reversed and remanded.

Reversed and remanded.