### OKLAHOMA TOOL & SUPPLY CO. v. DANIELS et al. (No. 2642.)

(Court of Civil Appeals of Texas. Amarillo. March 24, 1926. Rehearing Denied April 21, 1926.)

**I. Corporations ⬀661(2).**

Foreign corporation cannot maintain suit within state, without both pleading and proving compliance with Rev. St. 1925, arts. 1529, 1535, and 1536.

**2. Corporations ⬀661(6)—Judgment of dismissal should have been rendered, where foreign corporation, suing on contract, failed to show that it had obtained a permit.**

Where foreign corporation, in suit on contract, failed to show that it had obtained a permit to do business within state, court should have rendered judgment of dismissal and not judgment that plaintiff take nothing, since failure to obtain permit did not render contract void.

**3. Appeal and error ⬀672.**

Error of trial court, in rendering judgment that plaintiff take nothing, when suit should have been dismissed, held fundamental error, which court could correct on appeal.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**4. Appeal and error ⊂⟐⟐1078(5).**

Objections to trial court's finding, which were not briefed, were waived on appeal.

**5. Bills and notes ⊂⟐⟐518(1).**

Evidence *held* not to show that note, dated and payable in another state, grew out of contract in that state, or that its consideration was for goods sold in that state to any party then living therein.

**6. Appeal and error ⊂⟐⟐712.**

Reviewing tribunal cannot consider facts which do not appear in the record.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Suit by the Oklahoma Tool & Supply Company against C. U. Daniels and another. Judgment for defendants, and plaintiff appeals. Reversed and dismissed.

Billingsley & Billingsley and Chas. B. Stewart, all of Fort Worth, for appellant.

Raymond M. Myers, of Wichita Falls, for appellees.

HALL, C. J. The appellant filed this suit in the district court of Wichita county, alleging that it was a corporation organized and doing business under the laws of the state of Oklahoma; that on or about December 16, 1918, it was granted a permit authorizing it to transact business in the state of Texas. The case was tried to the court without a jury. The suit was based upon a promissory note alleged to have been executed by C. U. Daniels and S. A. Springer.

[1] The court finds as a fact, that the plaintiff submitted no evidence showing its right to do business in Texas. Reference to the statement of facts shows the correctness of this finding. The rule is that a foreign corporation cannot maintain a suit in this state without both pleading and proving compliance with the requirements of R. S. 1925, arts. 1529, 1535, and 1536. First State Bank of Bangs v. Janellen Oil Co., 275 S. W. 210; Victor Refining Co. v. City National Bank of Commerce (Tex. Civ. App.) 263 S. W. 622.

The court entered judgment that the appellant take nothing by its suit, and that the defendant Daniels be discharged with his costs.

[2, 3] In S. R. Smythe Co. v. Fort Worth Glass & Sand Co., 142 S. W. 1157, 105 Tex. 8, the Supreme Court said that, in cases where a foreign corporation fails to show that it has obtained a permit, the judgment rendered should have been one of dismissal in the trial court, since the articles of the statute referred to above do not render the contract void, but only deny such a corporation the right to enforce it in the courts of this state. It therefore appears that the trial court erred in rendering judgment that the

appellant take nothing. This is a question of fundamental error. We therefore reverse the judgment, and here render the judgment which should have been rendered there, that the plaintiff's suit be dismissed. Prescott-Phœnix Oil & Gas Co. v. Gilliland Oil Co. (Tex. Civ. App.) 241 S. W. 775; Bryan v. Bowser & Co. (Tex. Civ. App.) 209 S. W. 189.

Reversed and dismissed.

On Motion for Rehearing.

The principal contention to be considered is that this court erred in reversing the judgment and here rendering judgment of dismissal.

The plaintiff's petition alleged that the Oklahoma Tool & Supply Company was a corporation, organized and doing business under the laws of the state of Oklahoma, with its principal office in Tulsa, Okl.; that on or about December 16, 1918, it·was granted permission and authorized to transact business in the state of Texas, according to the laws thereof.

The first fact found by the trial court is that the plaintiff submitted no evidence of its right to do business in Texas, and the first conclusion of law is that, because plaintiff offered no proof showing a permit to do business in Texas, it could not recover to any extent in this action.

[4] By its tenth proposition, it is asserted that the trial court erred in such finding of fact and conclusion of law, and in the proposition it is recited that, counsel for appellees having agreed that the finding of fact should not have been included in the trial court's findings of fact and conclusions of law, the proposition is not further briefed by appellant, further than to say that no authorities or argument are necessary, as appellee has agreed to waive that question in his brief. We fail to find, however, any such waiver on the part of appellee, and, in fact, since the judgment of the court was based principally upon such findings, we doubt the authority of appellee to waive it. At any rate, appellant has waived all objections to the finding by not briefing the proposition.

[5, 6] It is asserted that the note was made in Tulsa, Okl., and grew out of a contract made in Oklahoma, to be paid in Oklahoma, for goods sold in Oklahoma, all of which was in the evidence. It is true that the note is dated at Tulsa, and is payable in Tulsa, but there is not a syllable of evidence in the statement of facts which tends to show that it grew out of a contract made in Oklahoma, or that its consideration was goods sold in Oklahoma, to any parties then living in that state; but the reasonable inference from the whole proceedings and evidence is in accordance with the trial court's findings. Many notes dated and payable in other states are executed in Texas, and, so far as this record

shows, this note may have been made in Texas. There is nothing in the record to show that it was given for goods purchased in any state, and, in fact, the consideration of the note is not stated by any witness. If it be admitted that it was given for goods delivered to the defendants, there is not a line of testimony showing where the defendants lived, nor where the goods were delivered. There is one letter in the record, dated at Robberson, Okl., from which the trial court might have presumed that Daniels and Springer were at one time doing business at that point; but that would not preclude the further inference that they were also doing business in Wichita Falls, Tex., where the suit was filed against them and their successor, Coleman, who lived in Texas. The motion states that, after the notes were executed and merchandise delivered in Oklahoma, the appellees moved to Texas. This may be true, but the appellant failed, either by his pleading or evidence, to incorporate it in the record. If the facts stated in the motion were sustained by the record, the motion should be granted and the cause reinstated here for consideration upon the other propositions urged; but the trouble with the motion is it asserts several material facts which do not appear in the record, and therefore cannot be considered by us. We cannot presume that plaintiff alleged, as a condition to its right to maintain the suit in Texas, that it had obtained a permit, unless its counsel thought proof of such fact was necessary to entitle it to recover; and, the trial court having found that no such proof was made, and that evidence of that fact was necessary, we are not authorized to set his finding and judgment aside upon unsupported assertions in the motion for rehearing.

The motion is overruled.