### JOHN A. DICKSON PUB. CO. v. BRYAN et al. (No. 430.) *

(Court of Civil Appeals of Texas. Waco. Dec. 2, 1926. Rehearing Granted Jan. 6, 1927.)

**1. Corporations ☞661(6)—Foreign ‛corporation, having appointed sales manager and established general office in state without permit, could not maintain suit in state (Rev. St. 1925, arts. 1529, 1536).**

Where foreign corporation employed general sales manager in state to appoint salesmen, and sales manager appointed agents who solicited business in state, corporation had established general office and transacted business within Rev. St. 1925, art. 1529, and, not having obtained permit, could not maintain suit against sales manager's sureties, in view of article 1536.

#### On Motion for Rehearing.

**2. Corporations ☞661(6)—Where foreign corporation could not maintain suit because it had not obtained permit to transact business in state, cause should have been dismissed (Rev. St. 1925, arts. 1529, 1536).**

Where foreign corporation, having transacted and solicited business in state, and having established general office without obtaining permit from secretary of state, as required by Rev. St. 1925, art. 1529, could not maintain suit, in view of article 1536, cause should have been dismissed rather than judgment rendered denying it recovery.

**3. Costs ☞238(2)—Where point on which judgment was reversed was not raised until motion for rehearing on appeal, appellant was liable for costs of appeal.**

Where judgment was erroneously rendered against appellant foreign corporation instead of dismissing cause, but point was not raised until motion for rehearing on appeal, appellant was liable for costs of appeal.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by the John A. Dickson Publishing Company against W. P. Bryan and others. From a judgment on an instructed verdict for defendants, plaintiff appeals. Reversed, and plaintiff's suit dismissed without prejudice.

Barney A. Garrett, of Waco, for appellant.
Weatherby & Rogers and Bryan & Maxwell, all of Waco, for appellees.

BARCUS, J. This suit was instituted by appellant, a foreign corporation, against appellees, seeking to recover on a surety bond which they had signed for one D. D. Dickson, who was alleged to be a nonresident of Texas, and totally insolvent, and was not therefore made a party defendant. The cause was tried to a jury, and at the conclusion of the testimony the court instructed a verdict for appellees.

Appellees, as a defense to plaintiff's cause of action, alleged that appellant was a foreign corporation doing business in Texas without any permit, and was therefore not entitled to maintain this suit. They filed a general denial, and pleaded specially that the books had not been shipped under the terms of the contract, and pleaded some.other defenses not necessary to be stated. Appellees in their motion for an instructed verdict asked that the same be given: (1) Because the evidence offered on the trial shows that plaintiff is a foreign corporation doing business in Texas without any permit; (2) because there was no legal testimony showing that appellant had shipped any books to the said Dickson at Waco or elsewhere for which he had not paid; (3) they asked that all the testimony of appellant with reference to the correctness of the account sued on be stricken out because it had not been shown that the .witnesses who testified thereto were qualified to testify with reference to the account, and that the court then give the peremptory instruction, because there was no evidence establishing plaintiff's claim. The trial court granted the motion without giving its reason therefor.

The record shows that on June 28, 1920, appellant made a contract with ‛said D. D. Dickson, whereby he was given the entire state of Texas in which to sell Bibles published by appellant, and under said contract appellant agreed to sell to the said Dickson all the Bibles that he desired to purchase at wholesale prices; the prices being named in said contract. On July 15, 1920, appellees signed a bond, under the terms of which they agreed that, in consideration of appellant's

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 2, 1927.

shipping to the said Dickson such books as he might desire, they would pay appellant therefor, if Dickson did not, within 40 days after same was due, and also agreed to pay any money that appellant might advance to said Dickson for expenses. In no event was the sum provided for in the bond to be more than $500, with attorney's fees in case suit should be filed thereon. Appellant claims that it shipped to Dickson about $4,000 worth of Bibles, and that he failed to pay for $1,-001.58 thereof, and appellant is seeking to hold appellees on said bond for $500, plus reasonable attorney's fees, which it alleged to be $150.

The record further shows that on September 4, 1920, appellant by a letter of that date made a supplemental contract and agreement with said Dickson, which supplemental contract in part reads as follows:

"Mr. D. D. Dickson: This is to notify you that supplementing contract entered into with you on June 24, 1920, we have appointed you general sales manager for the Texas department for the sale and distribution of the indexed Bible, and you are hereby authorized to appoint and train salesmen in the field work, contracts with such salesmen to be subject to the approval of the home office of the company. As full compensation to you for such services we agree to pay you on all sales made by us to your salesmen the following commissions:    [Then sets out the commissions to be paid.]    Commissions to be computed on the retail price list and credits made to your account at the end of each month after collections have been received by us. As per your suggestion, we will allow you during our pleasure a drawing account of $600 per month, $300 on the 1st and $300 on the 15th of each month, you to send us entire proceeds of your individual sales, which sums we will credit first to your merchandise account, and the surplus against your drawing account."

The record shows that, acting under this supplemental contract of September 4, 1920, said D. D. Dickson did organize a large sales force to sell in Texas the Bibles that were being published by appellant, and that appellant sold to said agents at least $8,700 worth of Bibles. There is nothing in the record which in any way indicates the terms on which the Bibles were sold to the various agents that had been employed by Dickson to sell appellant's Bibles, nor the number thereof, except the testimony of the officers of appellant shows that Dickson had been given credit on sales made by at least thirteen different men acting as agents in the sale of its Bibles. Under the supplemental contract of September 4, 1920, Dickson was appointed by appellant as its general sales manager for the Texas department for the sale and distribution of the indexed Bible, with authority to appoint and train salesmen, all contracts made with the salesmen being subject to the approval of the home office, and for his services in organizing this force Dickson was to receive a commission on the sales made by all of the agents that were appointed, and, in order that he might as general sales manager for appellant quickly organize a selling force in Texas, it was advancing to him $600 a month as expense money. Appellant does not in any way attempt to show what authority or lack of authority said Dickson had in Texas, except as is revealed by the written supplemental contract itself. Under the original contract as made in June, 1920, the only thing appellant agreed to do was to sell its Bibles to the said Dickson, and in return therefor he agreed to devote at least five days per week to the sale of said Bibles in the state of Texas. As we construe the supplemental contract of September 4, 1920, it went into an entirely different field, and appellant thereby established in the state of Texas a general agency for the sale of its Bibles, and appointed said Dickson as its general sales manager.

Article 1529 of the Revised Statutes (1925) provides:

"Any corporation for pecuniary profit, * * * organized or created under the laws of any other state, * * * desiring to transact or solicit business in Texas, or to establish a general or special office in this state, shall file with the secretary of state a duly certified copy of its articles of incorporation," '

—and obtain a permit to transact such business in the state. Article 1536 provides that—

"No such [foreign] corporation can maintain any suit or action * * * in any court of this state * * * unless at the time such contract was made, * * * the corporation had filed its articles of incorporation."

[1] We think by the supplemental contract of September 4, 1920, appellant created an organization for the purpose of "soliciting business in Texas," and the evidence shows that through said organization it did "transact" several thousand dollars worth of business in Texas, in that it sold to the various agents more than $8,700 worth of books, on which it paid to said Dickson, its general sales manager in Texas, commissions as provided for under said supplemental contract. Our courts have uniformly held that a foreign corporation which is required by said article 1529 to obtain a permit to do business in Texas cannot prosecute a suit in our courts, unless the permit has been granted. Billingslea Grain Co. v. Howell (Tex. Civ. App.) 205 S. W. 671; National Cash Register Co. v. Ondrusek (Tex. Civ. App.) 271 S. W. 649; Buhler v. Burrowes Co. (Tex. Civ. App.) 171 S. W. 791; York Mfg. Co. v. Colley (Tex. Civ. App.) 172 S. W. 206. We think under the facts in this case appellant was not only transacting, but was soliciting, business in Texas, and had established a general office in the state, within the contemplation of article 1529 of the Revised Statutes, and was

for said reason not authorized to maintain this suit.

Our disposition of this question makes it unnecessary for us to pass on the other questions raised in the brief.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

[2] Appellant, for the first time, in its motion for rehearing contends that the judgment of the trial court denying it a recovery because it is a foreign corporation transacting or soliciting business in Texas, or having established a general or special office in the state without obtaining a permit from the secretary of state, is erroneous, in that the cause should have been dismissed rather than judgment rendered denying it a recovery. This contention, of appellant is correct, and the judgment of the trial court should have been one dismissing the cause. Smythe v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157; National Cash Register Co. v. Ondrusek (Tex. Civ. App.) 271 S. W. 640.

[3] Appellant, neither in its motion for rehearing in the trial court nor in its brief filed in this court, suggested such procedure, and made no complaint of the action of the trial court in rendering a judgment against it rather than dismissing the cause. If the matter had been called to the trial court's attention, the judgment could have, and doubtless would have, been one of dismissal rather than a judgment against appellant on the merits. Since the matter was not called either to the trial court's attention or to the attention of this court until appellant filed its motion for rehearing, it should be taxed with the costs of appeal. Converse v. Langshaw, 81 Tex. 275, 16 S. W. 1031; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

Our judgment affirming the judgment of the trial court is set aside, and the judgment of the trial court decreeing that appellant shall not recover against appellees is reversed in so far as it renders judgment that plaintiff take nothing by its suit, and plaintiff's suit is ordered dismissed without prejudice. The costs of this appeal are to be taxed against appellant.