## L. MILLER & COMPANY v. JAS. B. GOODMAN, ASSIGNEE.

### No. 554.—Decided May 17, 1897.

**Interstate Commerce—Corporation—Permit to do Business.**

It was not necessary for a plaintiff, the assignee of a foreign corporation, suing for the price of goods manufactured by it in another State and sold through its agents in Texas, to allege or prove a compliance by the corporation with articles 745 and 746 of Rev. Stats., requiring it to file its articles of incorporation with the Secretary of State. Such business was interstate commerce, and the statute as applied to it was invalid (P. 43.)

QUESTION CERTIFIED from Court of Civil Appeals for Fourth District, in an appeal from Orange County.

*Perryman, Gillespie & Bullitt* and *Gordon Bullitt,* for plaintiffs in error.—Where a foreign corporation has a general or special office in this State, or does business through brokers located in this State, it is not authorized to do business in this State, nor can it, or its assignee, maintain any suit or action in this State until such foreign corporation has filed a certified copy of its charter with the Secretary of this State and procured permission to do business in this State. 1 Beach, Private Corporations, sec. 415, note 5; Tiedman, Lim. Police Powers, sec. 193; Assurance Co. v. Rosenthal, 55 Ill., 85; Ducat v. City of Chicago, 48 Ill., 173; Paul v. Virginia, 8 Wall., 168; Pierce v. People, 106 Ill., 11; Lumber Co. v. Thomas, 22 S. W. Rep., 743; State v. Ins. Co., 21 S. W. Rep., 893; Stevenson v. Ewing, 9 S. W. Rep., 230; Haworth v. Montgomery, 18 S. W. Rep., 399; Empire Mills v. Grocery Co., 15 S. W. Rep. 505.

*Crawford & Crawford*, for appellee.—The C. J. L. Meyer & Sons company was a corporation engaged in interstate commerce, and, as to such corporation, being so engaged, the act of April 3, 1889, is void, being in conflict with that provision of the Federal Constitution which gives to Congress the power to regulate commerce between the States. Const. U. S., sec. 8, art. 4; Pembina Mining Co. v. Pennsylvania, 125 U. S., 181; Pickard v. Pullman Car Co., 117 U. S., 43; Leloup v. Mobile, 127 U. S., 640; Lyng v. Michigan, 135 U. S., 161; McCall v. California, 136 U. S., 113; Fechheimer v. Louisville, 84 Ky., 306.

*Perryman & Bullitt*, in support of a motion for rehearing, which was overruled, cited:  32 Am. & Eng. Corp. Cases, 211; 6 Thompson on Corp., sec. 7881; Southern Cotton Oil Co. v. Wemple, 44 Fed. Rep., 24; Colorado Iron Works v. Mining Co., 32 Am. & Eng. Corp. Cases, 201; Pembina Silver Mining Co. v. Pennsylvania, 125 U. S., 181; People v. Min. Co., 18 Am. & Eng. Corp. Cases, 210; St. Louis v. Wiggins Ferry Co., 40 Mo., 580; s. c., 11 Wall., 423; St. Clair v. Cox, 106 U. S., 350; Emert v. Missouri, 156 U. S., 296; Tel. Co. v. James, 162 U. S., 650; 6 Thompson on Corp., secs. 7995, 7998, 7999 and 8000; Railway v. Ins. Co., 18 S. W. Rep., 43; Lumber Co. v. Improvement Assn., 18 S. W. Rep., 1055; Cumberland Land Co. v. Lumber Co., 35 S. W. Rep., 886; Lumber Co. v. Thomas, 22 S. W. Rep., 743; Farrior v. Mortgage Co., 88 Ala., 275; Huffman v. Mortgage Co., 36 S. W. Rep., 306.

In the cases of Asher v. Texas, and Robbins v. Shelby County Taxing District, commonly called drummers' cases, the agents were traveling men, and in neither instance were they located in the State and had fixed places of residence.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Fourth Supreme Judicial District has certified to this court the following statement and question:

"The plaintiff sued as the assignee of a foreign corporation, to-wit. the C. J. L. Meyer & Sons Co., to recover on an account for goods sold by the corporation to appellants, of Orange County, Texas; and his petition alleges that the said goods 'were sold to defendants by and through A. C. Petri & Bro., of Dallas, Texas, who were at the time solicitors of business and buyers for its goods and manufactures, made and manufactured by the said C. J. L. Meyer & Sons Co. in the city of Chicago.'   A. C. Petri & Bro. had their office in Dallas, Texas.   The petition did not allege compliance by the corporation with art. 745, Rev. Stats., 1895, nor was there any proof of same.   The order for the goods was given by appellants to A. C. Petri & Bro. at Dallas, and by them forwarded to the corporation at Chicago.

QUESTION.—"Was it necessary for plaintiff to allege and prove that said corporation, at the time of the sale in question, had complied with

the statute of the State requiring a foreign corporation to file its articles of incorporation and receive a permit from the Secretary of State to transact business in the State, in order to maintain the action?"

We answer that it was not necessary for the plaintiff below to allege or prove that the corporation he represented had complied with art. 745, Rev. Stats., to entitle him to maintain this action.

The statute law applicable to the question certified is embodied in the following two articles of the Revised Statutes:

"Art. 745. Hereafter any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State shall be and the same are hereby required to file with the Secretary of State a duly certified copy of its articles of incoporation, and thereupon the Secretary of State shall issue to such coporation a permit to transact business in this State. If such corporation is created for more than one purpose the permit may be limited to one or more purposes.

"Art. 746. No such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of contract or tort, unless at the time such contract was made or tort committed the corporation had filed its articles of incorporation, under the provisions of this chapter, in the office of Secretary of State for the purpose of procuring its permit."

From the allegations of the plaintiff's petition it appears that, at the date of the transaction, the corporation of which he was assignee was organized for profit under the laws of another State, and that it had agents in Texas who were engaged in soliciting business for it, which agents sold the goods in question, in the State of Texas, to the defendant, the goods so sold being manufactured by the corporation in the State of Illinois.

If the transaction as alleged does not constitute interstate commerce, then it comes within the terms of the statute above quoted, and there is no division of judicial opinion as to the power of a State to prescribe terms upon which a corporation may do business, other than interstate commerce, within that State. Paul v. Virginia, 8 Wall., 168.

The State, however, has no power to legislate upon the subject of interstate commerce nor to place any restrictions upon it, and in so far as the statute has such effect it is void. Wrought Iron Range Company v. Johnson, 84 Ga., 754; Ware v. Hamilton-Brown Shoe Company, 92 Ala., 145; State v. Indiana & Ohio Oil, etc., Company, 120 Ind., 575; Gunn v. White Sew. Mach. Co. (Ark.), 20 S. W. Rep., 591; Robbins v. Shelby County Tax. District, 120 U. S., 489; Leisy v. Hardin, 135 U. S., 100; McCall v. State of California, 136 U. S., 104; Cooper Mfg.

Co. v. Ferguson, 113 U. S., 727; Asher v. State of Texas, 128 U. S., 129; Leloup v. Mobile, 127 U. S., 640.

The statute is not invalid because it violates any right of the corporation to do business in this State, but is void if so applied, because the State Legislature had no power to make such provisions applicable to interstate commerce. Such legislation would be equally void, whether applied to natural persons, citizens of other states, or corporations created by such other states. It is the character of the business transacted, over which the State has no authority, which renders its action a nullity.

Do the facts alleged show a transaction of the character of interstate commerce? We think that they clearly do. It is a case of sale, by a corporation created by another state, of goods manufactured in that state and shipped into the State of Texas. It matters not whether the goods were sold before they were shipped, or shipped to the State and then sold. It is equally interstate commerce. Leisy v. Hardin, cited above. There is no material difference between the facts of this case and the cases of Asher v. The State of Texas and Robbins v. Shelby County Taxing District, before cited. In each of these cases the agent was soliciting business and selling goods in the State where the law required the payment of a tax and procuring of license, and the Supreme Court of the United States, in each case, held that the business done was interstate commerce and not subject to regulation by the State.

If the corporation was not required to comply with the terms of article 745, then the prohibition against maintaining a suit contained in article 746 would not apply to it, and it is unnecessary for us to discuss the question raised by counsel for appellants as to the power of the State to prohibit a corporation to sue in the courts of such State.