## MAXWELL v. WINNER GAS STOVE CO. (No. 2333.)

(Court of Civil Appeals of Texas. Amarillo. May 21, 1924. Rehearing Denied June 18, 1924.)

1. **Corporations** ⊗⟾661(6)—Rule as to necessity of foreign corporation having permit to do business in order to sue stated.

Foreign corporation must take out permit to transact business in state, and must allege and prove possession thereof in order to sue in state courts, unless engaged in interstate commerce or transaction of government business.

2. **Corporations** ⊗⟾672(3)—Corporation alleging residence or domicile in foreign state presumed to have been incorporated therein.

Allegation that residence or domicile of plaintiff corporation is in foreign state creates legal presumption that it was incorporated in that state.

3. **Appeal and error** ⊗⟾843(2)—Matters not necessary to decision on review not considered.

Allegations and proof that plaintiff corporation, "of H., West Va.," acting through duly authorized agent, contracted with defendant for sale of gas heaters, *held* sufficient to show that plaintiff was engaged in interstate commerce, thus rendering it unnecessary to consider whether objection to suit, because of failure to allege and prove permit to do business in state, came too late when first raised on appeal.

4. **Account, action on** ⊗⟾11—Affidavit held so defective as to render account incompetent evidence.

Affidavit, not stating that facts set forth are within affiant's knowledge, and that all lawful credits have been allowed, is so defective as to render account incompetent evidence.

5. **Appeal and error** ⊗⟾204(5)—Objection that affidavit so defective as to render account incompetent cannot be first raised on appeal.

Objection that affidavit verifying account was so defective as to render account incompetent evidence cannot be made for first time on appeal.

Error from Wichita County Court; Guy Rogers, Judge.

Suit by the Winner Gas Stove Company against J. L. Maxwell. Judgment for plaintiff, and defendant brings error. Affirmed.

Bonner, Bonner & Sanford, of Wichita Falls, for plaintiff in error.

Mathis & Caldwell, of Wichita Falls, for defendant in error.

RANDOLPH, J. This suit was filed in the county court of Wichita county by appellee, against plaintiff in error as defendant, to recover upon a verified account. Judgment was rendered for plaintiff by default, from which defendant filed his petition for writ of error, bond, etc., and the case is before this court for revision and correction.

The first question submitted to us is: The plaintiff, being a foreign corporation, and not having pleaded and proved that it had a permit to do business in Texas, was it entitled to recover a judgment by default in the courts of this state and thereby maintain "a suit" in our courts?

The petition of the plaintiff in this suit alleges: "Comes now Winner Gas Stove Company of Huntington, W. Va., a corporation duly incorporated. * * *" The cause of action is based upon the allegation in such petition—

"that the plaintiff, acting through its duly authorized agent, J. T. Choise, entered into a contract with defendant for the sale of certain Winner gas heaters, the number, description, and price of which is more fully set out in a verified account attached to this petition, marked Exhibit A, which by reference is made a part hereof for all purposes.

"II. That by virtue of said sale contract the defendant agreed to pay plaintiff the amount and amounts set out in said Exhibit A, and that by virtue of the foregoing sale contract the defendant became and is now legally liable to plaintiff in the total amount of said account, marked Exhibit A, less the credits shown thereon, the balance now due on said sale contract being the sum of $388.80."

And other allegations of full performance by plaintiff of its part of said contract.

[1] It is well settled by the decisions of our courts that a foreign corporation must take out a permit in order to transact business in this state or to maintain a suit in our courts and that the petition must allege and the proof must show that such corporation has such permit before it can maintain a suit in court—there being two exceptions to this requirement, viz., that such corporation is engaged in interstate commerce, or that it is in the employment of and transacting government business. Taber v. Interstate B. & L. Association, 91 Tex. 94, 40 S. W. 954; Chapman v. Hallman Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969; Miller & Co. v. Goodman, 91 Tex. 43, 40 S. W. 718; Horn Silver Mining Co. v. New York, 143 U. S. 314, 12 Sup. Ct. 403, 36 L. Ed. 164.

[2, 3] The allegation of incorporation, as set out in the petition, only alleges incorporation generally without giving the state wherein such incorporation was taken out, but the further allegation that the residence or domicile of such corporation is in West Virginia gives the legal presumption that it was incorporated in that state. Clearly,

therefore, the plaintiff being a foreign corporation, and not having alleged that it had a permit to do business in Texas, and not having alleged that it was engaged in governmental business, it did not have the legal right to maintain a suit in our courts, unless the allegations of the petition and the proof show that it was engaged in interstate commerce. The allegations of the petition on their face present a cause of action based upon a transaction which is undoubtedly interstate, and the proof offered sustained the allegations, and such allegations and proof are sufficient to show that the plaintiff was engaged in interstate commerce. This being true, in our opinion it renders it unnecessary for us to pass upon the question as to whether or not the objection to plaintiff's suit was made in time; in other words, whether or not the question of the failure on the part of plaintiff to allege and prove a permit to do business in Texas cames too late when raised for the first time in this court.

[4, 5] The only other question that we felt called on to consider on this appeal is: Was the affidavit verifying the account so defective as to render the account incompetent evidence? The affidavit in question is as follows:

"State of West Virginia, County of Cabell—
to wit:

"Personally appeared before me, the undersigned authority, a notary public in and for the county and state aforesaid, in the city of Huntington therein, on this the 20th day of November, 1922, J. T. Masterson, who being by me first duly sworn, on his oath says that he is the secretary and treasurer of the Winner Gas Stove Company, a corporation, and that he is familiar with the books and accounts of said company; that the Maxwell Hardware Company, of Wichita Falls, Tex., is justly and truly indebted to said Winner Gas Stove Company in the sum of $388.80; that the statement attached hereto is a correct statement of said account; that no part of said debt has been paid; that there are no set-offs or counterclaims to the same, and that said Winner Gas Stove Company is entitled to recover of the said debtor the said sum of $388.80. J. T. Masterson, Secretary and Treasurer of the Winner Gas Stove Company.

"Taken, subscribed, and sworn to before me this the 20th day of November, 1922. [Signed] B. C. Sharitz, Notary Public, Cabell County, West Virginia. [Seal.]

"My commission expires April 18, 1931."

The defendant makes the objection that the affidavit is not in compliance with the law, and that the account, therefore, was incompetent evidence. It appears that the affidavit fails to state that the facts set forth are "within the knowledge of affiant," and also "that all lawful credits have been allowed." This objection if made at the proper time, must have been sustained, but it cannot be made for the first time in this

court. Peterson v. Brown-Graham Shoe Co. (Tex. Civ. App.) 200 S. W. 899; 1 C. J. p. 667, latter part of section 197, and note A, same page.

There being no material error presented in the remaining assignments, all of them are here overruled, and the judgment of the trial court is affirmed.