## W. T. RAWLEIGH CO. v. FLETCHER et al. (No. 3101.)

(Court of Civil Appeals of Texas. Texarkana. June 18, 1925. Rehearing Denied June 25, 1925.)

Monopolies ⊚⟶17(1)—That buyer was largely governed by seller's suggested retail price list held not, in itself, violation of anti-trust statutes.

That buyer, purchasing articles outright, was largely governed by seller's suggested retail price list in disposing of articles bought, *held* not, in itself, a violation of anti-trust statutes.

Appeal from Delta County Court; Chas. D. Berry, Judge.

Action by the W. T. Rawleigh Company against J. W. Fletcher and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Patterson & Patterson, of Cooper, for appellant.

C. C. McKinney, of Cooper, for appellees.

LEVY, J. J. W. Fletcher was sued as principal debtor, and the other appellees as guarantors of the payment, in the sum of $225.56 and interest, on account of the shipment and delivery of certain goods in virtue of an agreement between the parties. The defendants opposed recovery, on the ground that the transaction was in contravention of the anti-trust statutes. The trial court decided that the defense should prevail.

The court made findings of fact upon which he based the judgment, and the appellant company insists that such findings entitled it to a judgment. We think the contention should be sustained, since the findings made do not show any violation of the statute. The court first expressly finds that "the defendant executed the contract sued on." The contract sued on, as alleged, was one of outright sale of the products to J. W. Fletcher, with delivery f. o. b. the railway cars at Memphis, Tenn. The court then finds that "after the acceptance of the contract" and after the goods shipped to J. W. Fletcher "were received by Fletcher" he received correspondence and a "suggested retail price list of products by which Fletcher was largely governed in disposing of said products." There is no finding that it was a part of "the contract" for Fletcher to resell the goods at retail prices listed to him. The mere fact that "in disposing of the products purchased by him" Fletcher "was largely governed" by "a suggested retail price list of products" would not, in itself, be a violation of the statute. Hence, under the findings of the court, a judgment for the defendants was not legally warranted upon the

ground that Fletcher agreed expressly or impliedly, in order to get the goods or products, to do two things; one to pay the purchase price, and the other to sell the products so purchased only in the allotted territory of Delta county, at retail prices listed to him. Neither is there any finding that the appellant company agreed not to sell similar products to any other person in that territory while Fletcher occupied it.

The court erred in not rendering judgment in favor of the plaintiff on the findings of fact made by him; therefore the judgment is reversed, and judgment is here rendered in favor of appellant against the appellees for the sum found by the court to be due, with interest from January 1, 1922, the appellees to pay costs of the trial court and of this appeal.