## COLLINS v. HARDEMAN–KING CO.
### No. 4263.

Court of Civil Appeals of Texas.
Amarillo.

July 2, 1934.

Stalcup & Fike, of Dalhart, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

JACKSON, Justice.

This is an appeal from a judgment of the county court of Hartley county obtained by appellee, Hardeman-King Company, a foreign corporation, against the appellant, E S. Collins, for the sum of $337.35, with interest thereon at the rate of 6 per cent. per annum from the date thereof and costs.

The appellant urges but one error, contained in the following proposition: "The judgment rendered by the Trial Court was erroneous. Both the pleading and the proof showed that the plaintiff was a foreign corporation, doing business in this state, and there was no evidence that it had a permit authorizing it to transact business in this state, which was the subject-matter of this suit and under the law the Court could not enter a judgment in favor of the plaintiff."

The appellee alleged that it was "a corporation organized and authorized to do business under and by virtue of the laws of the state of Oklahoma, with its principal office and place of business in Oklahoma City, Okla., and with a permit to transact business in the State of Texas"; that on June 6, 1931, it sold and delivered to appellant 100 sacks of salt of 100 pounds each, for the consideration of $326, upon which amount credit had been allowed for salt returned and freight from Channing to Weeks Island, La., aggregating $190, leaving an unpaid balance of $146.92; that on October 6, 1931, the appellant, by a contract in writing, purchased from appellee for shipment on November 15th,

thereafter, 450 100-pound sacks of Texas Special salt at 68 cents per cwt., and appellee shipped the salt so sold from Weeks Island, La., to appellant at Channing, Tex.; that he refused to receive the salt, and, in order to prevent a sale for freight and storage, appellee was compelled to sell on the market, and received therefor $247, leaving an unpaid balance of $237, resulting in damages to appellee in said sum.

No jury was demanded, and the court finds in substance that appellee on all the dates involved was a foreign corporation, and no proof was made that it had ever obtained a permit to transact business in Texas; that since 1926 it maintained a branch office in Amarillo, had an office force consisting of Joe S. Morris, general manager, and other employees, and a warehouse for the storage of its products, owned and operated a feed mill, and solicited business and sold ranch supplies from its office in Amarillo to the farmers and ranchmen in the surrounding territory; that such general manager, in March, 1931, went to Channing and sold to appellant five tons of salt; that such manager intended to make up a carload for shipment, but did not succeed; that the five tons sold to appellant were shipped from Weeks, La., to Amarillo, and trucked from Amarillo to Channing; that on October 6th such general manager obtained from appellant a written order for 450 100-pound sacks of salt to be delivered at Channing for 68 cents per cwt.; that the order was sent from the office in Amarillo to appellee's plant in Weeks, La., from which point the salt was transported by rail to Channing for appellant, who refused to accept it, and appellee was compelled to and did resell it at the best price obtainable, and, after paying the expenses, sustained damage in the sum of $190.43. The record contains no statement of facts.

■ Appellee's petition, we think, discloses that the sales of salt for which recovery is sought constituted interstate transactions. In any event, the allegations of the petition do not affirmatively show that it was necessary for appellee to comply with the statute in order to maintain suit on said sales in the courts of this state, and the allegation that it had a permit to do business in Texas was surplusage. Oklahoma Tool & Supply Co. v. Daniels et al. (Tex. Com. App.) 290 S. W. 727.

■ A sale of goods by a foreign corporation and the shipment thereof from another state, to its soliciting agent in this state, for delivery to a purchaser, or a shipment direct to a purchaser on orders of the soliciting agent, are interstate transactions. John A. Dickson Pub. Co. v. Bryan et al. (Tex. Com. App.) 5 S.W.(2d) 980, 60 A. L. R. 983.

"The interstate character of a transaction is not altered by the fact that the soliciting agent also collected the price of the goods * * * that a manager employed by the foreign corporation engaged solicitors within the state and trained them there, or that the goods were sold under an agreement whereby the foreign concern engaged to furnish salesmen to solicit orders within the state. Nor does the solicitation of an order for machinery or plant, coupled with the fact that the machinery is to be installed, impart an intrastate character to the transaction unless there are additional circumstances whereby the privilege of interstate business without permit has been lost." 11 Tex. Jur. 166, § 493.

See, also, American Soda Fountain Co. v. Hairston et al. (Tex. Civ. App.) 69 S.W.(2d) 546.

The findings of the court are that the salt sold was in each instance transported from appellee's plant in Weeks, La., to the appellant at Channing, Tex.

In Texas & Pacific Ry. Co. v. Davis, 54 S. W. 381, 384, in the opinion on rehearing, the Court of Civil Appeals says: "We conclude, therefore, that notwithstanding the Corralitos Company was a foreign corporation doing business in Texas, which may have had an office in this state, and had not obtained a permit to do business here, it was not precluded by Rev. St. art. 746 [R. C. S. 1925, art. 1536], from maintaining this action; it being one arising from a transaction governed by the constitution and laws of the United States affecting foreign commerce."

In approving this holding, in the same cause, 93 Tex. 378, 55 S. W. 562, 564, the Supreme Court uses the following language: "We do not doubt that the shipment of the cattle was an interstate shipment, and that therefore the contract was a lawful one, although the corporation may have been doing business in the state contrary to its laws. The language of article 746 of the Revised Statutes is very broad. It prohibits a foreign corporation which is doing business in the state from bringing suit 'on any demand whatever arising out of contract or tort unless at the time such contract was made or tort committed, the corporation had filed its articles of incorporation,' etc. We do not think it was the purpose of the statute to prohibit in any case suits growing out of contracts of interstate commerce."

We think the court correctly concluded that, although appellee may have been engaged in business in Texas without a permit in violation of the statute, the transactions involved in this suit constitute interstate commerce, and therefore appellee was entitled to maintain its suit for the salt sold in the courts of Texas.

The judgment is affirmed.