## ABNER MFG. CO. v. NEVELS.

### No. 4902.

Court of Civil Appeals of Texas. Amarillo.

May 16, 1938.

Rehearing Denied June 20, 1938.

G. V. Pardue, of Lubbock, for appellant.

R. P. Moreland, of Plains, and Truett Smith, of Tahoka, for appellee.

STOKES, Justice.

This suit was filed June 24, 1936, by appellant on a promissory note executed by appellee, L. B. Nevels, November 1, 1931, in the sum of $218, bearing interest at the rate of 8% per annum, with the usual provision for attorneys' fees, due and payable September 1, 1932. Appellant, Abner Manufacturing Company, is a private corporation, organized under the laws of the State of Ohio, and did not have a permit to do business in Texas at the time the transaction involved was consummated. A jury was impaneled but at the close of the testimony, on motion of both parties, the court discharged the jury and then rendered judgment to the effect that appellant could not maintain the suit because the testimony showed appellant was transacting business in this state without having filed its articles of incorporation and received from the secretary of state a permit so to do, and dismissed the case at appellant's costs. Appellant duly excepted to the judgment and gave notice of appeal and the case is presented here upon the one question of whether or not, under the evidence, the transaction involved, from which sprang the note sued upon, was interstate in its character and of such nature as to permit appellant to maintain the suit under Arts. 1529 and 1536, R.C.S., 1925, Vernon's Ann.Civ.St. arts. 1529, 1536.

The note originated in a written contract executed June 20, 1930, under which appellee agreed to purchase a generator and supplies necessary to install and equip a carbide lighting system for his home. The contract provided that the total consideration to be paid was $418, of which amount $200 was to be paid in cash and a note executed for the balance. Whether the note sued upon was executed simultaneously with the contract or is a renewal note is not clear from the record before

608

us, but that it was given as part of the purchase price for the material and equipment which made up the lighting system is not questioned. The contract is in the nature of a letter addressed to appellant at Wapakoneta, Ohio, in which appellant is directed to ship to appellee, Luther B. Nevels, at Seagraves, Gaines County, Texas, the generator and supplies designated in the contract. It is signed by L. B. Nevels and his wife and by its terms they agreed to purchase from appellant and pay for the merchandise ordered by check, draft or promissory note drawn to the order of the company. It provides that it shall become a contract between the purchaser and the company upon acceptance thereof at the home office of the company and upon such acceptance that it covers all the agreements between the purchaser and the company and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions set forth in the contract. It contains a further provision that the purchaser has read it and understands that the company is not to install the merchandise and will not permit trial use thereof.

The contract provides that the price of the merchandise, F. O. B. place of shipment, is $418. The evidence shows the contract was accepted by the company at its home office in Ohio and the material was shipped from there to appellant at Seagraves, Texas, where he procured it from the railway depot and removed it to his premises, storing it in a shed for about a month when, appellee testified, one of the two men who originally sold him the plant returned and installed the machinery and put up the plant. After this was done, appellant paid the cash payment to the agent and executed the note. He further testified that, when the two agents first approached him to sell him the plant, they promised him they would install it. It is not shown, however, that they made this agreement on behalf of the company nor that any change was made in the provisions of the written contract nor that appellant paid or agreed to pay the agents for their work in erecting and installing the plant. Appellee testified he did not pay them to do so, but on the contrary told them he would not be out any more expense on it and left it entirely up to them. He testified further that the total price he was to pay for the light plant was $400, which, he said, included the expense of installation and erection of the plant, but he further testified that it was after the material was brought to his premises that the agents agreed they would put it up.

Appellee takes the position and insists that the record shows appellant sold to him the light plant under an agreement that it would also erect such structures and install such machinery and equipment as may be necessary for its operation, and, in effect, contracted with him that it would build, erect, equip and install upon his premises a light plant, and that, not holding a permit from the secretary of state to transact business in this state, such a contract was in violation of the provisions of the articles of the statute above mentioned, the penalty for which is a denial of the right of appellant to maintain the cause of action for the purchase price or compensation provided by the contract. In support of his contention appellee cites us to the cases of Buhler v. Burrowes Co., Tex.Civ.App., 171 S.W. 791; Smythe Co. v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157; Blair v. City of Houston, Tex.Civ.App., 252 S.W. 882; York Manufacturing Co. v. Colley, Tex.Civ.App., 172 S.W. 206. Under the holding of those cases and many others a foreign corporation not having a permit to transact business in this state is not permitted to maintain in the courts of this state a cause of action upon a contract or for compensation earned thereunder in which such foreign corporation obligates itself to furnish material and erect structures and install machinery necessary to complete a manufacturing plant or build or erect any other kind of structure in this state. The holdings are to the effect that such a contract obligates the corporation to perform services which amount to transacting business in this state in violation of the statutes. Where the contract amounts to nothing more than a purchase and sale of machinery to be shipped from another state into this state, however, the courts have uniformly held that the transaction is governed by the inter-state commerce provisions of the United States Constitution, U.S.C.A.Const. art. 1, § 8, cl. 3, and the laws enacted by Congress relative thereto. We do not think the cases cited by appellee in support of the trial court's judgment have application to the situation revealed by the record in this case. The contract under which appellee purchased the material specifically provided that the company was not obligated to install the merchandise and would not permit the trial use thereof. Ap-

pellee's contention is that the negotiations for the purchase of the plant which were had between him and the agents through whom he purchased it in effect changed the terms of the written contract and obligated appellant to install the plant. It is true he first testified the agents made such agreement at the time he purchased the machinery and material, but he later said that the agreement for the installation of the plant was made after the plant had been brought to his premises. He further testified that he did not pay the agents for their work in installing the plant. The record, however, does not show that appellant paid them for this work, nor that it agreed to do so. We think the record warrants the conclusion that the agents, or one of them, installed the plant without any charge whatever. Whether he did or not, however, could not change the terms of the written contract. It is specifically provided in the contract that the instrument itself covers all the agreements between the purchaser and the company and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions therein set forth. No fraud, accident or mistake is alleged and those provisions of the contract are binding upon appellee. It has many times been held that the sale of goods by a foreign corporation and their shipment into this state from another state, either to the soliciting agent of the seller or directly to the purchaser, on orders of soliciting agents, or those mailed directly to the company by the purchaser, constitutes interstate transactions and that foreign corporations are permitted to maintain actions in the courts of this state upon such sales and transactions even though they do not have permits from the secretary of state to transact business in this state. They are protected by the inter-state commerce provisions of the Federal Constitution and statutes and cannot be interfered with by state enactments. We think this case comes well within the rule and that appellant had the right to accept the order tendered it by appellee and to maintain a suit upon the note which formed the basis of this action. Dickson Pub. Co. v. Bryan, Tex.Com.App., 5 S.W.2d 980, 60 A.L.R. 983; Collins v. Hardeman-King Co., Tex.Civ.App., 74 S.W.2d 181, and authorities there cited.

In our opinion, the learned trial judge erred in his ruling upon the question discussed, and as the case seems to have been completely developed upon the trial and involves only the question which we have resolved in favor of appellant, the judgment of the trial court will be reversed and here rendered that appellant recover the principal, interest and 10% attorneys' fees provided by the note sued upon, together with all costs incurred in this court and the court below.