HARCROW et al. v. W. T. RAWLEIGH CO.

No. 2066.

Court of Civil Appeals of Texas. Eastland.

Nov. 15, 1940.

Rehearing Denied Dec. 20, 1940.

Jones & Jones, of Mineola, for appellants.

Harry R. Bondies, of Sweetwater, for appellee.

GRISSOM, Justice.

The W. T. Rawleigh Company sued Wm. H. Harcrow, on purchase orders and an itemized account, and the sureties on his bond (which bond guaranteed payment to the Rawleigh Company of the purchase price of merchandise sold to Harcrow by the Rawleigh Company) for the purchase price of merchandise sold by the company to Harcrow. At the conclusion of the evidence the court instructed a verdict for plaintiff and rendered judgment for it. Harcrow and his sureties have appealed.

The defenses alleged were that the suit could not be maintained by plaintiff, and recovery should be denied for the following reasons: (a) Plaintiff was a foreign corporation doing business in Texas without a permit and the demands sued on arose out of an intrastate transaction. (b) The contract was in violation of the anti-trust statutes of Texas, in that Harcrow's sale of Rawleigh products was restricted to a defined locality and to prices fixed by said company.

Appellants' first proposition is that since plaintiff alleged it was a foreign corporation and the testimony showed it did not have a permit to do business in Texas, the court erred in instructing a verdict for the plaintiff "if there is any testimony showing that said plaintiff is engaged in and transacting business in Texas at the time of the filing of said suit and the trial thereof." We think said proposition cannot be sustained for several reasons. The testimony does not raise the issue that plaintiff was transacting business in Texas within the meaning of Arts. 1529–1536, R.S.1925. But, if plaintiff was doing business in Texas without a permit, such fact would be immaterial if the demands sued on arose out of an interstate transaction. Texas & P. R. Co. v. Davis, 93 Tex. 378, 389, 55 S.W. 562; Miller v. Goodman, 91 Tex. 41, 40 S.W. 718; 11 Tex.Jur. 162; Collins v. Hardeman-King Co., Tex.Civ.App., 74 S.W.2d 181, 183. The evidence shows conclusively that the sales of merchandise by plaintiff to Harcrow were made in interstate commerce, unless the interstate character thereof was changed by reason of the following facts. The first $150 worth of merchandise sold by plaintiff to Harcrow had been sold by plaintiff to a former Rawleigh dealer in Rains County; it had been returned to and accepted by plaintiff as a payment upon said dealer's debt to plaintiff, and was thereafter sold by plaintiff to Harcrow, while the goods were still located in Rains County. We think the sale of said $150 worth of merchandise did not lose its interstate character by virtue of the facts stated.

In Miller v. Goodman, 91 Tex. 41, 40 S.W. 718, 719, Judge Brown, speaking for the Supreme Court, said: "Do the facts alleged show a transaction of the character of interstate commerce? We think that they clearly do. It is a case of sale by a corporation, created by another state, of goods manufactured in that state, and shipped into the state of Texas. It matters not whether the goods were sold before they were shipped, or shipped to the state and then sold. It is equally interstate commerce."

In American Soda Fountain Co. v. Hairston, Tex.Civ.App., 69 S.W.2d 546, 552, plaintiff had previously sold a carbonater in interstate commerce. It was thereafter repossessed by the plaintiff, owned and held in Texas by the plaintiff, and sold in Texas to the defendant. It was held that by such second sale the transaction had not lost its interstate character.

In Phelps v. Jesse French & Sons Piano Co., Tex.Civ.App., 65 S.W.2d 374, the piano company had sold and shipped pianos into Texas. After the pianos arrived in Texas the purchaser failed to receive them. Thereafter the pianos were sold in Texas and suit was brought for the purchase price. The court held that by reason of the repossession and sale of the pianos in Texas, the transaction had not lost its interstate character. Also, see Shaw Piano Co. v. Ford, Tex.Civ.App., 41 S.W. 198,

and North v. Mergenthaler Linotype Co., Tex.Civ.App., 77 S.W.2d 580, writ refused.

■ There is another reason why the sale of the $150 worth of merchandise to Harcrow in Rains County could not have the effect of making the suit one upon a demand arising from an intrastate transaction, even in part. Such sale was the first sale made to Harcrow by the plaintiff. More than $150 having been paid upon the account by Harcrow and no application thereof having been made or requested, the law applied it to the extinguishment of the first due indebtedness. First Nat. Bank v. International Sheep Co., Tex.Civ.App., 29 S.W.2d 513, 519, writ refused; Phipps v. Willis, 11 Tex.Civ.App. 186, 32 S.W. 801, writ refused; Palm v. Johnson, Tex.Civ. App., 255 S.W. 1007, 1009.

We, therefore, conclude it was immaterial whether or not plaintiff was transacting business in Texas.

■ Appellants contend the evidence raised the issue that the contract between Harcrow and the Rawleigh Company was in violation of the anti-trust statutes of Texas in that there was testimony to the effect (1) that Harcrow "was to sell Rawleigh products" only in Rains County, and (2) was to sell such products at the price fixed by plaintiff. Wherefore, appellants conclude the court erred in instructing a verdict for plaintiff. If appellants mean that there is evidence that Harcrow agreed to sell Rawleigh products only in a certain territory and at prices designated by the Rawleigh Company, then we have been unable to find such testimony. Harcrow's testimony in said respect went no further than that he sold Rawleigh products only in a certain part of Rains County and at the prices "printed on the price list." We cannot gather from his testimony any intimation either that he agreed to sell in a certain territory, or at prices fixed by appellee, or that he was compelled to do so.

■ Appellants place much emphasis upon an instrument sent to Harcrow by the Rawleigh Company in which Harcrow was asked to designate the place where he intended doing business, etc. This instrument is known in the record as Form No. 2138. Appellants say that although the contract appears perfectly innocent upon its face, before Harcrow "could even order merchandise he must fill out and return this instrument." We have been unable to find any evidence supporting this contention. Harcrow does not testify that he either signed or returned said form to the Rawleigh Company. As we understand the testimony of appellee's representatives it is to the effect that such form, if it was executed and returned by Harcrow, is not to be found in the company's files, and that its agents are of the opinion it was never executed or returned to them by Harcrow. We think the evidence does not raise the issues of fact, as contended by appellants, and conclude, therefore, that the court did not err in instructing a verdict for plaintiff. W. T. Rawleigh Co. v. Fish, Tex.Civ.App., 290 S.W. 798, writ dismissed; W. T. Rawleigh Co. v. Harper, Tex.Com.App., 17 S.W.2d 455; McConnon & Co. v. Marshall, Tex.Civ.App., 280 S.W. 323; W. T. Rawleigh Co. v. Fletcher, Tex. Civ.App., 275 S.W. 210. All the evidence as to an agreement between the parties was in writing and constituted a matter for construction by the court,—not a question for the jury. Cook v. Dennis, 61 Tex. 246, 249; Shepherd v. White, 11 Tex. 346, 358; Booth v. Campbell, Tex.Civ.App., 240 S.W. 559; Rhoden v. Bergman, Tex.Civ. App., 75 S.W.2d 993, 998.

■ Appellants complain of the refusal of the court to quash the deposition of the witness Stewart because of his refusal to answer interrogatories inquiring the names of Rawleigh dealers in Hunt, Van Zandt, Hopkins, Smith and Dallas Counties in 1936, and to attach to his answers copies of Form No. 2138. (Said Form has been hereinbefore referred to.) The witness refused to answer said interrogatories because they did not pertain to the facts of the indebtedness owing by defendants to plaintiff. We think the matters inquired about were immaterial to any issue in the case. Answers to said questions certainly could not show, nor tend to show, that Harcrow was obliged to confine his sales to a certain territory, or to sell at a fixed price. If it was intended to show appellee was doing business in Texas, the witness' failure to answer was harmless, since plaintiff was entitled to recover on the obligation sued on because the demand arose from an interstate transaction, regardless of whether plaintiff was doing business in Texas. Collins v. Hardeman-King Co., Tex.Civ.App., 74 S.W.2d 181, 183.

We have examined all of appellants' assignments of error. What we have said is a sufficient answer to most, if not all,

928

of appellants' contentions. We are of the opinion error is not shown. The judgment is affirmed.